

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable Claude Isbell
Secretary of State
Austin, Texas

Dear Mr. Isbell:

Opinion No. O-6612

Re: Time for publication of a
resolution proposing an amend-
ment to the Constitution.

We acknowledge receipt of your request for an opin-
ion upon the above subject-matter, as follows:

"H.J.R. 13 has been passed to be voted upon at
an election August 25, 1945. This resolution reach-
ed this office on Tuesday May 22 at 3:53 P. M.,
whereupon this office deposited in the mail on the
evening of May 22 a copy of said resolution address-
ed to one newspaper in each of the counties of Texas,
with the exception of some 16 counties that do not
have newspapers.

"As you will observe Section 1 of Article 17 of
the Constitution provides that all amendments must
be published three months before the election and in
this case May 25 was last date for starting publica-
tion of this amendment. Several newspapers have noti-
fied this office that said resolution #13 reached them
too late for publication before the 25 and would like
to know if they should start publication on June 1st.

"In view of the above situation I will be pleased
to have you answer the following in order that I may
be governed in the matter:

"(1) Should this office authorize the pub-
lication of H.J.R. 13 beginning in the issue of
June 1st in view of the fact the first issue will
not be three months before the election?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"(2)  Would we be authorized to pay for
such publication beginning later than three
months before the election?"

You are respectfully advised that it is the opinion
of this Department both of your questions should be answered in
the negative.

Section 1 of Article XVII of the Constitution, insofar
as the same is pertinent, is as follows:

"* * *, which proposed amendments shall be
duly published once a week for four weeks, com-
mencing at least three months before an election,
the time of which shall be specified by the Legis-
lature, in one weekly newspaper of each county,
in which such a newspaper may be published, ***."

The requirement of the Constitution with respect to
the time of such publication, is mandatory.

This Department in a thoroughly-considered opinion of
date July 9, 1923, addressed to Honorable C. V. Payne, acting
Secretary of State, written by Mr. L. C. Sutton, Assistant At-
torney General, and approved by the late Judge V. A. Keeling,
the then Attorney General, said:

"You are respectfully advised that it is the
opinion of this Department that the beginning of
publication of a proposed constitutional amend-
ment at least three months prior to the date of
the election is absolutely essential to the valid-
ity of the adoption of the amendment by reason of
constitutional mandate. * * *."

Many supporting authorities were cited in the opinion,
and we need not to elaborate the point here.

Since the election is to be held on August 25, 1945,
and since the three months of the Constitution must be complete
"before" the election, it follows that May 24, 1945, was the
last day upon which the publication could have begun. No pub-
lication begun later than that would meet the mandatory require-

Honorable Claude Isbell - page 3

ment of the Constitution, and therefore would be legally in-
effectual. In other words, such a belated publication is not
one authorized or permitted by law, and therefore it would
serve no lawful purpose, and of course would not authorize
payment out of the treasury to the publisher.

We express no opinion, by implication or otherwise,
as to the legal consequences of a failure of due publication
(in part only of the counties) of this proposed amendment,
confining our answer strictly to the questions put by you.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 29 1945

By

ATTORNEY GENERAL OF TEXAS

Ocie Speer
Assistant

OS-MR



APPROVED
OPINION
COMMITTEE
BY BW73
CHAIRMAN